UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: COMPLAINT AND PETITION OF LUXURY JET SKI RENTALS LLC, as Owner of a certain 2024 SEADOO PWC FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Case No.: 3:25-cv-00557-JAH-BLM<br><br>**ORDER:**<br><br>**(1) APPROVING STIPULATION FOR VALUE AND COSTS AND LETTER OF UNDERTAKING;**<br><br>**(2) DIRECTING MONITION TO ISSUE AND RESTRAINING ALL SUITS; AND**<br><br>**(3) DIRECTING EXECUTION OF MONITION AND PUBLICATION OF NOTICE**<br><br>**[ECF Nos. 4-6]** |

## INTRODUCTION

Presently before the Court is LUXURY JET SKI RENTALS LLC's ("Petitioner" or "Plaintiff-in-Limitation") *Ex Parte* Application for: (1) an order approving stipulation for value and costs and letter of undertaking; (2) an order directing monition to issue and restraining all suits; and (3) an order directing execution of monition and publication of notice. ECF Nos. 5, 6. Petitioner, owner of a 2024 Sea-Doo GTX PRO IBR Personal

Water Craft ("Vessel"), manufactured by Bombardier, with HIN No. YDV22665J324 and License No. CF8153LF and also identified as Rental Unit #133, filed a Complaint on March 9, 2025.  ECF No. 1 ("Complaint").  Pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.* ("LOLA"), and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Admiralty Rules") of the Federal Rules of Civil Procedure, Petitioner claims the right to exoneration from, or limitation of liability for, all claims arising out of, resulting from, or in any way connected with a vessel accident that occurred in September 2024 (the "Incident") in navigable waters near the City of Coronado, California.  *Id.* ¶ 5.  Based on the foregoing, the Court **GRANTS** the *ex parte* application.

## LEGAL STANDARD

Federal Courts have original jurisdiction over admiralty and maritime cases.  U.S. Const. Art. III, § 2; 28 U.S.C. § 1333(1).  Congress passed LOLA in 1851 to "encourage ship-building and to induce capitalists to invest money in this branch of the industry." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446-47 (2001).  LOLA seeks to accomplish this by providing "a concourse for the determination of liability arising out of marine casualties where asserted claims exceed the value of the vessel, so that there can be an effective marshaling of assets." *Anderson v. Nadon*, 360 F.2d 53, 57 (9th Cir. 1966).  As an incentive, LOLA provides a means for shipowners to "limit their liability (if any) to their interest in the vessel and its freight, provided that the loss was incurred without their privity or knowledge." *In re Complaint of Ross Island Sand & Gravel*, 226 F.3d 1015, 1017 (9th Cir. 2000).

The owner of a vessel may initiate a limitation of liability action in federal court provided that the action is brought "within 6 months after the claimant gives the owner written notice of a claim." 46 U.S.C. § 20529(a); *see also* Fed R. Civ. P., Supp. R. F(1).  "The complaint may demand exoneration from as well as limitation of liability."  Fed. R. Civ. P., Supp. R. F(2).  After a vessel owner initiates a limitation action, the owner must provide security for the benefit of the claimants in "an amount equal to the value of the

owner's interest in the vessel and pending freight, or approved security" and "an amount or approved security, that the court may fix from time to time as necessary to carry out this chapter." 46 U.S.C. § 30529(b)(1); Fed. R. Civ. P., Supp. R. F(1). The owner may deposit the security with the court or transfer the security to a trustee appointed by the court. 46 U.S.C. §§ 30529(b)(1)-(2); Fed. R. Civ. P., Supp. R. F(1). Supplemental Admiralty Rule F(1) also requires an owner provide security to cover "costs and, if the plaintiff elects to give security, for interest at the rate of 6 percent per annum from the date of the security." Fed. R. Civ. P., Supp. R. F(1). According to the Southern District's Civil Local Rules, "[u]nless otherwise ordered by a judge, the amount of the security for costs required to be filed in an action for limitation of liability under Rule F(1) is $500. In such an action, the security costs may be combined with the security for value and interest." S.D. Cal. CivLR F.1.

After a plaintiff-in-limitation has met the LOLA requirements for limitation, "the district court will issue notice requiring all persons who have claims arising out of the same accident to assert them in the district court." *Matter of Willamette Jet Boat Excursions, LLC*, 638 F.Supp.3d 1209, 1211-12 (D. Or. 2022). The shipowner must then petition the court to issue a notice to "all persons asserting claims with respect to which the complaint seeks limitation," requiring them to file any claims before a date named on the notice, not to be less than 30 days after the issuance of the notice.

After the notice requirements have been satisfied, the notice has been issued, and the date on the notice has elapsed, the plaintiff-in-limitation may move to "enjoin the further prosecution of any action or proceeding against the plaintiff's property with respect to any claim subject to limitation in the action." Supplemental Admiralty Rule F(3). If, however, claims have been filed before the monition period lapses, "in a proceeding known as a concursus, the district court determines whether there is liability and whether it should be limited." *In re Star & Crescent Boat Co.*, 519 F.Supp.3d 752, 758 (S.D. Cal. 2021) (citing *Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 755 (2d Cir. 1988)).

# DISCUSSION

## I.     Sufficiency of the Complaint

Federal Rules of Civil Procedure, Supplemental Admiralty Rule F(2) describes the requirements for a complaint submitted in a petition for exoneration from or limitation of liability. Fed. R. Civ. P., Supp. R. F(2). The complaint must state sufficient facts for the court to determine the amount to which liability should be limited. *Id.* The complaint should also describe the voyage from which liability may occur, any demands made as a result of the voyage, and any pending proceedings. *Id*. The complaint must also detail any damage to the vessel. *Id.*

Here, the complaint was brought within six months of the incident and describes the Vessel, (Compl. ¶ 4), Plaintiff-in-Limitation's ownership of the Vessel, (Compl. ¶ 3), the circumstances of how Sassan Masserat came to be operating the Vessel, (Compl. ¶ 6), the date of the Incident and nature of injuries Mr. Masserat sustained, (Compl. ¶ 5), and no suit has been filed against Plaintiff-in-Limitation in this or any other fora, (Compl. ¶ 20). Therefore, the Petitioner's Complaint satisfies the requirements set forth in Supplemental Admiralty Rule F(2), and the Court next looks to the security provided.

## II.    Sufficiency of the Security

Providing security for the value of the vessel in a limitation of liability action is a prerequisite to the court ordering an injunction and issuing a notice to potential claimants. Fed. R. Civ. P., Supp. R. F(3)-(4). However, courts have traditionally allowed plaintiffs-in-limitation to substitute the security for an *ad interim* stipulation of value. *See Hartford Acc. & Indem. Co. of Hartford v. S. Pac. Co.*, 273 U.S. 207, 218-19 (1927) ("Whenever a stipulation is taken in an admiralty suit, for the property subjected to legal process and condemnation, the stipulation is deemed a mere substitute for the thing itself, and the stipulators liable to the exercise of all those authorities on the part of the court, which it could properly exercise, if the thing itself were still in its custody") (quoting *The Palmyra*, 25 U.S. 1, 10 (1827)). Thus, courts have routinely found an *ad interim* stipulation, coupled

with a letter of undertaking, provides sufficient security. *In re Oceansound Investments*, 705 F.Supp.3d 1110, 1116 (S.D. Cal. 2023).

Here, Plaintiff-in-Limitation submitted a Stipulation for Value of Vessel, claiming the Vessel "has an approximate value of $11,000 based on an assessment of the purchase price, depreciation, and recent publication of advertisements seeking to sell similar year, make and model watercraft." ECF No. 4 ("Stipulation") at 1. Additionally, as required by local rule, Plaintiff-in-Limitation has attached a letter of undertaking from Markel American Insurance Company ("Markel"), which explains Markel has agreed to insure Plaintiff-in-Limitation for damages resulting from the Incident up to $11,500 (the extra $500 being included as security for costs). *See* CivLR F.1 ("the amount of the security for costs required to be filed in an action for limitation … is $500"). Therefore, Plaintiff-in-Limitation has provided adequate security under Supplemental Admiralty Rule F(1) and the Southern District's Local Rules. Accordingly, IT IS HEREBY ORDERED that the Stipulation of Value and the Letter of Undertaking are approved.

## III.  Injunctive Relief

Once adequate security has been provided and a complaint filed, Supplemental Admiralty Rule F(3) provides for plaintiffs-in-limitation to apply for an injunction barring the further prosecution of any action or proceeding subject to the limitation action against the plaintiff-in-limitation or plaintiff-in-limitation's property. *See Esta Later Charters, Inc. v. Ignacio*, 875 F.2d 234, 236 (9th Cir. 1989) ("admiralty courts issue a restraining order or an injunction staying all proceedings pending elsewhere").

Here, as discussed *supra*, Plaintiff-in-Limitation has provided adequate security. Therefore, Plaintiff-in-Limitation is entitled to an injunction staying all proceedings that have or may be filed elsewhere. Accordingly, IT IS HEREBY ORDERED the commencement and/or further prosecution of any and all other actions, suits and/or legal proceedings of any kind in any court arising out of or connected with the events occurring in September 2024, involving Ms. Masserat's fall from Petitioner's Vessel, for which

Petitioner's Complaint seeks exoneration or limitation of liability, are enjoined and restrained except in the present action.

## IV.  Notice and Monition

After a proper complaint has been filed and adequate security provided, Supplemental Admiralty Rule F(4) denotes several requirements for the notice to be issued:

> The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims.  The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Fed. R. Civ. P., Supp. R. F(4).  Additionally, notice should be sent to a claimant's attorney, or if the claimant does not have an attorney, to the claimant.  Fed. R. Civ. P., Supp. R. F(6). "Where a monition and publication is made according to the rules and practice in admiralty proceedings, it becomes notice to all persons having any claims, whether they receive actual notice thereof or not, and, if they fail to appear within the time designated, they are liable to lose the opportunity of presenting their claims in that proceeding or in any other[.]" *Dowdell v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 139 F. 444, 446 (9th Cir. 1905) (internal quotation omitted).

Having timely filed this action and providing adequate security, IT IS FURTHER ORDERED, pursuant to Federal Rules of Civil Procedure, Supplemental Admiralty Rules F(4) and F(5), a monition issue out of and under the seal of this Court to all individuals and entities asserting any claim with respect to which the Complaint seeks exoneration from, or limitation of, liability:

> NOTICE IS HEREBY GIVEN that LUXURY JET SKI RENTALS LLC ("Petitioner") has filed a Complaint on March 9, 2025, pursuant to 46 U.S.C. § 30501 *et seq.*, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Admiralty Rules") of the Federal Rules of Civil Procedure, claiming the right to exoneration from, or limitation of liability for, all claims arising

out of claimed incident occurring in navigable waters near the City of Coronado, California, in September 2024, involving a certain 2024 Sea-Doo GTX PRO IBR PWC ("Vessel") and Sassan Masserat. Petitioner was the owner of the Vessel in the September 2024 incident.

As provided in Supplemental Admiralty Rule F(5), all persons asserting such claims for any and all losses, expenses, damages, injury and/or death arising from the events occurring in September 2024 with respect to which the Complaint seeks limitations, must file them as provided by Supplemental Admiralty Rule F with the Clerk of the Court for the U.S. District Court for the Southern District of California **on or before June 20, 2025**, by electronic means as required by the Civil Local Rules, under the title of "*In Re: Complaint and Petition of Luxury Jet Ski Rentals LLC*", Case Number 3:25-cv-00557-JAH-BLM, pursuant to the Civil Local Rules and the Federal Rules of Civil Procedure. All persons asserting any claims are also notified to serve or mail copies of the respective claims as filed with the Court to Petitioner's attorney, B. Otis Felder, Esq., of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, 401 West A Street, Suite 1900, San Diego, California 92101, or for electronic filers, via the Court's electronic filing system, **on or before June 20, 2025**. A failure to file with the Court and/or serve Petitioner's attorneys on or before June 20, 2025, may subject any such claim to default and bar.

Any claimant desiring to contest either Petitioner's right to exoneration, or Petitioner's limitation of liability shall file with the Court and serve on the above attorneys for Petitioner an Answer to Petitioner's Complaint on or before June 20, 2025, unless the claim has included an answer, as required by Supplemental Admiralty Rule (F)(5).

The monition having been issued, IT IS FURTHER ORDERED that Plaintiff-in-Limitation must, pursuant to Supplemental Admiralty Rule F(4) and Civil Local Rule 83.7, publish, or cause to be published, in a paper of general circulation in San Diego, a notice substantially in the form as the Notice of Complaint in Admiralty for Exoneration from, or Limitation of, Liability and including the date fixed above for the filing of claims and answers once in each week for four (4) successive weeks prior to said date.

IT IS FURTHER ORDERED that Plaintiff-in-Limitation must, pursuant to Supplemental Admiralty Rule F(4) and not later than the date of the second publication,

1  mail the aforementioned notice to every individual and entity known to be asserting claims
2  with respect to which the Complaint seeks exoneration from, or limitation of, liability.
3      **IT IS SO ORDERED**.
4  DATED: April 21, 2025

```
                                          _____
                                          JOHN A. HOUSTON
                                          UNITED STATES DISTRICT JUDGE
```